**The below described is SIGNED.**

**Dated: September 11, 2006**

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**



___

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 06-22265 |
| RONALD LANDERS, SR., | Chapter 13 |
| Debtor. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Confirmation of the above-captioned Debtor's Second Amended Plan came on for hearing on September 5, 2006. As this Court has previously discussed in *In re Fawson*[1] and *In re Wilkinson*,[2] 11 U.S.C. § 521(a)(1)(B)(iv) and (i)(1) operate to automatically dismiss individual debtors' cases 46 days after the petition date if "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor" are not filed by the 45th day.[3] In this case, it appeared that one

___

[1] 338 B.R. 505 (Bankr. D. Utah 2006).

[2] 346 B.R. 539 (Bankr. D. Utah 2006).

[3] 11 U.S.C. § 521(a)(1)(B)(iv). All future statutory references are to title 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), unless otherwise indicated.

I:\LAW\OPINIONS\Opin0492.wpd

payment advice for the pay period ending April 30, 2006 had not been timely filed and that the case had potentially been dismissed on August 9, 2006 — the 46th day after the Debtor's bankruptcy filing on June 24, 2006. The Debtor was sworn and testified regarding this issue.

On direct examination, the Debtor testified that although he receives a payment advice or "paycheck stub" every two weeks, he could not recall receiving a payment advice on or about April 30. He also testified to his belief that he filed all the required payment advices that he received from his employer. On cross-examination by the Chapter 13 Trustee, the Debtor confirmed that he had no breaks in employment and received paychecks every two weeks during the relevant time period. The Court's own questioning elicited that it is the custom of the Debtor's employer to provide the Debtor with a payment advice for each bi-weekly paycheck and that the Debtor's employer has never paid the Debtor without giving him a payment advice. The Debtor again testified only that he did not recall whether he received a payment advice for the pay period ending April 30, not that he never received one. At the conclusion of the Debtor's testimony, the Chapter 13 Trustee argued briefly that the case was indeed dismissed on the 46th day.

Debtor's counsel argued that the Debtor "truly believed" that he filed all required payment advices despite the Debtor's testimony and the documentary evidence that the Debtor would have received a payment advice on or about April 30 which was not filed with the Court. According to Debtor's counsel, it is this belief that is controlling under § 521(a)(1)(B)(iv) because it would not be "possible or plausible to go back in time and to really see if he received a paycheck stub or not if he does not recall and if there's no evidence that he did actually receive it." By this view, the Court essentially must take the Debtor's belief as factually correct in the

absence of contradictory evidence. Debtor's counsel is correct insofar as he frames the issue as a question of fact but errs in asserting that there is no contradictory evidence in this case.

The Court noted in its oral ruling that there are several factual issues that might be raised in connection with the documents required to be filed by § 521(a)(1)(B)(iv). There may be questions as to whether a debtor was employed, whether he received any "payment advices or other evidence of payment," whether the payment advices cover the appropriate time period, and whether they were filed with the Court. But § 521(a)(1)(B)(iv) deals only with objective facts; nowhere does it rely on a debtor's subjective belief as to what that debtor has done.

In this case, the Court found by a preponderance of the evidence that the Debtor did in fact receive a payment advice on or about April 30 but that such payment advice was not filed within 45 days of the petition date.[4] The Debtor is paid bi-weekly, he had no breaks in his employment during the relevant time frame, and he always received payment advices from his employer for each bi-weekly paycheck. The Debtor also testified only that he could not recall receiving a payment advice for the April 30 pay period, not that he never received one. There is simply no evidence upon which the Court could make a factual finding that no payment advice was received for the April 30 pay period. Moreover, there is no statutory basis for the Court to

---

[4] The Supreme Court has stated that the preponderance-of-the-evidence standard "is applicable in civil actions between private litigants unless particularly important interests or rights are at stake." *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (reiterating a prior ruling that debtors have no "fundamental" right to a bankruptcy discharge and holding that a preponderance of the evidence is the appropriate burden of proof in § 523 nondischargeability actions) (internal quotes omitted). The Court made its factual findings in this case based on a preponderance standard, and no party contested the application of that standard. At any rate, the evidence in this case abundantly supports a finding of automatic dismissal even if the clear-and-convincing-evidence standard were somehow appropriate.

make a determination that the Debtor's belief is controlling rather than the facts of whether qualifying payment advices were received and filed with the Court.

Accordingly, the Court has no choice but to find that the Debtor's case was automatically dismissed under § 521(i)(1) effective August 9, 2006. The Court will issue a separate Order to that effect.

_____END OF DOCUMENT_____



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be effected through the Bankruptcy Noticing Center to each party listed below.

Ronald Landers, Sr.
Post Office Box 335
West Jordan, UT 84088
    *Debtor*

Jeremy Eveland
3995 South 700 East
Suite 400
Salt Lake City, UT 84107
    *Counsel for Debtor*

J. Vincent Cameron
47 West 200 South
Suite 600
Salt Lake City, UT 84101
    *Chapter 13 Trustee*

United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111